IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOBILE DREDGING AND VIDEO PIPE, INC. | : | |
| 3100 Bethel Road | : | |
| Chester, PA  19013-1488 | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| *vs.* | : | CASE NO. _____ |
| | : | |
| MILANI CONSTRUCTION, LLC | : | |
| 2001 Martin Luther King Jr Ave, S.E. | : | |
| Washington, DC  20020 | : | |
| | : | |
| *Serve on:  The Corporation Trust, Incorporated* | : | |
| *2405 York Road, Suite 201* | : | |
| *Timonium, MD 21093* | : | |
| | : | |
| *Defendant.* | : | |

## COMPLAINT

The Plaintiff, MOBILE DREDGING AND VIDEO PIPE, INC., by and through its

attorneys, Douglas H. Seitz, Donald J. Walsh and Wright, Constable & Skeen, LLP., states as

follows:

## PARTIES

1.     Plaintiff, MOBILE DREDGING AND VIDEO PIPE, INC ("Mobile Dredging" or

"Plaintiff") is a Pennsylvania corporation with its principal place of business at 3100 Bethel

Road, Chester, PA  19013-1488.

2.     Defendant, MILANI CONSTRUCTION, LLC ("Milani" or "Defendant"), is a

Limited Liability Company formed and registered under the laws of the District of Columbia,

Washington, DC with its principal place of business at 2001 Martin Luther King Jr Ave, S.E.,

Washington, DC  20020.

 3. Both the Plaintiff and the Defendant regularly transact business within the State of

Maryland and are subject to the personal jurisdiction of this Court.

## JURISDICTION

 4. Jurisdiction and venue are proper in this Court pursuant to the  28 U.S.C. § 1332

in that there is a complete diversity of citizenship between the Plaintiff and Defendant and the

amount in controversy is in excess of $200,000.00.

## COUNT ONE
*Breach of Contract*

 5. Mobile Dredging is in the business of providing dredging, video, construction,

pumping, removal, environmental and related services and equipment to the construction

industry.

 6. MILANI contracted with Mobile Dredging for the purchase of manpower,

construction and equipment services from Mobile Dredging for a construction project during the

years of 2018 through 2019 (the "Services") regarding a project generally known as St.

Elizabeth's East Campus Infrastructure (the "Project").

 7. MILANI agreed to Mobile Dredging's price and payment terms for the Service in

accordance with the terms and conditions of Mobile Dredging's Proposals numbered 17-643 and

18.507 (the "Contracts") copies of which are attached hereto and incorporated herein as Exhibits

1 and 2 respectively.

 8. Defendant agreed under the Contracts that it would incur obligations, in addition

to the Mobile Dredging's billings for manpower, construction and equipment services, for such

items as interest, attorneys' fees and costs should Defendant fail to pay to Plaintiff the amounts due under the Contracts as and when said amounts came due.

9.      Mobile Dredging provided the Services to MILANI on an ongoing basis on the Project and as a result thereof and the agreement between the parties herein, it invoiced MILANI on a monthly basis.

10.     The Services were provided to MILANI, or for the benefit of MILANI, in a good, timely and workmanlike manner in accordance with the agreement between the parties.

11.     MILANI has never objected to the amounts invoiced for the Services.

12.     There remains amounts due from MILANI to Mobile Dredging as a result of the Services rendered that are evidenced by the six invoices, with back up, attached hereto and incorporated herein by reference as Exhibits 3 through 8 (the "Invoices") and a statement of account which is also attached hereto and incorporated herein by reference as Exhibit 9.

13.     There is a total principal balance due under the Invoices in the amount of **$204,623.75**, which remains past due despite multiple demands upon MILANI for its payment.

14.     The amounts due under the Invoices are not subject to any credits, setoff or recoupment.

15.     The amounts claimed herein are certain, definite and liquidated and the Plaintiff is entitled to, among other damages, pre-judgment interest.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the principal amount of **$204,623.75**, plus pre-judgment interest to the date of entry of judgment, attorneys' fees and all court costs.

## COUNT TWO
### *(Accounts Stated)*

16.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through fourteen of Count One as if the same were fully set forth herein.

17.     Mobile Dredging maintains an accurate and running record of all debits and credits regarding the supplying of equipment, manpower, materials, expertise and other services to MILANI and its other customers in Mobile Dredging's books of account.

18.     Mobile Dredging mailed MILANI a written statement each month which accurately stated the debits and credits to MILANI's account for the prior billing period.

19.     MILANI received the monthly statements from Mobile Dredging without protest, dispute or objection.

20.     MILANI, in not protesting, disputing or objecting to the statements, thereby assented and agreed to the correctness of the balance due on the accounts so as to constitute an account stated.

21.     The principal amount due to Mobile Dredging on the account stated, less any credits, is **$204,623.75**, plus interest.  *See* Exhibit 10 attached hereto and incorporated herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the principal amount of **$204,623.75**, plus pre-judgment interest to the date of entry of judgment, attorneys' fees and all court costs.

## COUNT THREE
*(Unjust Enrichment)*

22.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through fourteen of Count One as if the same were fully set forth herein.

23.     The Defendant has been unjustly enriched to the extent of the goods and services received for which the Defendant has failed to pay.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the principal amount of **$204,623.75**, plus pre-judgment interest to the date of entry of judgment, and all court costs.

## COUNT FOUR
*(Quantum Meruit)*

24.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through fourteen of Count One as if the same were fully set forth herein.

25.     The Defendant is liable to the Plaintiff for the goods and services received under the doctrine of *quantum meruit*.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the principal amount of **$204,623.75**, plus pre-judgment interest to the date of entry of judgment, and all court costs.

*Respectfully submitted,*

  */s/ Douglas H. Seitz* _____ .
Douglas H. Seitz  Bar No.: 04909
Donald J. Walsh  Bar No.: 09384
Wright, Constable & Skeen, LLP
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
(410) 659-1358
(410) 659-1324
FAX (410) 659-1350
E-mail: dseitz@wcslaw.com
E-mail: dwalsh@wcslaw.com

*Attorneys for Mobile Dredging and Video Pipe, Inc.*